UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

   ARCH HOSPITALITY, INC.      12-11606-CLB

         Debtor

------------------------------------------------------
In re

   RASHMIKANT S. PATEL,      12-11607-CLB

         Debtor

------------------------------------------------------

## DECISION & ORDER

    Andreozzi, Bluestein, Weber, Brown, LLP
    Daniel F. Brown, Esq., of Counsel
    333 International Drive, Suite B-4
    Williamsville, New York 14221
    Attorneys for the Debtors

    Platzer, Swergold, Levine, Goldberg, Katz & Jaslow, LLP
    Clifford A. Katz, Esq., of Counsel
    475 Park Avenue South - 18th Floor
    New York, New York 10016
    Attorneys for TD Bank, N.A.

    William K. Harrington
    Region 2, United States Trustee
    By: Joseph W. Allen, Esq.
    Assistant United States Trustee
    Olympic Towers, Suite 401
    300 Pearl Street
    Buffalo, New York 14202

Bucki, Chief U.S.B.J., W.D.N.Y.

    The debtors in this Chapter 11 proceeding seek authority to sell a principal asset free and clear of liens. The central issue is whether 11 U.S.C. § 363(f) allows the proposed sale outside the ordinary course of the debtor's business and without the formality of a confirmed plan of reorganization.

Rashmikant S. Patel is the president and sole stockholder of Arch Hospitality, Inc., a corporation that owns a 120-room hotel in the Town of Lancaster, New York. On May 21, 2012, Patel and Arch Hospitality each filed a petition for relief under Chapter 11 of the Bankruptcy Code. Eventually, the debtors resolved to attempt a sale of the hotel. To this end, on March 12, 2013, they obtained an order authorizing Arch Hospitality to employ a broker to assist its marketing efforts. Now, after working on this matter for more than one and one-half years, the broker has identified a prospective purchaser. Subject to court approval, Arch Hospitality has executed a contract to sell the building and its contents to Fred J. Hanania, as agent for an entity to be formed, for a price of $1,750,000.

The outstanding purchase offer is significantly less than the total of outstanding liens. As of November 2014, the hotel was subject to real property taxes in excess of $234,000. TD Bank, N.A., holds a first mortgage on real estate and a security interest on personalty, both given to secure an outstanding indebtedness of more than $2,900.000. Buffalo Realty Corp. holds a second mortgage on the real estate as security for an indebtedness in excess of $477,000. On account of unpaid sales taxes, the New York State Department of Taxation and Finance holds liens for more than $40,000 on both real and personal property. The real property is further encumbered by a judgment of the New York State Worker's Compensation Board in the amount of $2,500.

During the nearly three years that the debtors have operated in Chapter 11, neither has yet to propose a plan of reorganization. Their counsel has further represented that because the debtors lack resources to pay priority claims, they will likely be unable ever to present a confirmable plan. *See* 11 U.S.C. §1129(a)(9). Nonetheless, and even though the secured indebtedness exceeds the purchase offer, the debtors wish to close the sale at the contract price. To this end, they have filed two motions. The first seeks a declaration that the liens of Buffalo Realty Corp., the New York State Department of Taxation and Finance, and the New York State Worker's Compensation Board are wholly unsecured, by reason of 11 U.S.C. § 506. The second motion requests authority under 11 U.S.C. §§ 363(b) and

363(f) to sell the hotel property free and clear of all liens. Initially, the Department of Taxation and Finance and the Office of the United States Trustee filed statements of opposition. Upon receiving assurances of payment of its claim by a third party, the Department of Taxation and Finance has withdrawn its opposition. In objecting to the second motion, the office of the United States Trustee argues that the proposed sale is not in the best interests of the estate, in that it will not result in any payment to unsecured or administrative claimants.

In relevant part, section 506(a) of the Bankruptcy Code states that an "allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim." Further, subject to exceptions not here relevant, section 506(d) states that "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void." No one disputes that the outstanding liens for real property taxes and the first mortgage of TD Bank far exceed the value of the hotel. For this reason, the debtors and TD Bank contend that the liens of Buffalo Realty Corp., of the New York State Department of Taxation and Finance, and of the New York State Worker's Compensation Board are all void. Relying on this conclusion, the debtors argue that a sale of the hotel is therefore allowed under 11 U.S.C. § 363(f), which states as follows:

> "The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

With regard to real property taxes, the proposed sale will generate sufficient proceeds to satisfy the requirement for full payment under section 363(f)(3). TD Bank, the first mortgagee, has expressly consented to the sale and thereby satisfies the requirements of section 363(f)2). By withdrawing its objection, the New York State Department of Taxation and Finance has impliedly also consented. However, neither Buffalo Realty Corp. nor the New York State Worker's Compensation Board have responded to the debtors' motions. In pressing for authorization to complete the sale, the debtors make two arguments. The first is that the court should deem these creditors to be unsecured, for the reasons expressed in the motion for relief under 11 U.S.C. § 506. The second is that by failing to respond to the sales motion, the creditors have given their implied consent. We reject both arguments.

Section 363(f) of the Bankruptcy Code imposes conditions on the ability of this court to authorize a sale that is "free and clear of any interest in such property." In bringing its motion under 11 U.S.C. § 506, the debtors mistakenly assume that an unsecured creditor would have no interest in property. Even if this court were to hold that Buffalo Realty Corp. and the Worker's Compensation Board hold unsecured claims, these creditors would still retain a property interest under 11 U.S.C. § 349(b)(1). This section states generally that a dismissal of a case would "reinstate . . . (C) any lien voided under section 506(d) of this title." This possibility of lien reinstatement constitutes a property interest. Consequently, relief under section 506(d) will not operate to diminish the restrictions on a sale free and clear of the rights of respondents. To sell property free and clear of interests, a trustee or debtor in possession would still need to meet one of the five conditions in section 363(f).

With respect to Buffalo Realty Corp. and the Worker's Compensation Board, Patel and Arch Hospitality make no attempt to demonstrate satisfaction of the conditions in subdivisions (1), (3), (4) or (5) of section 363(f). Rather, they rely on subdivision (2), which allows a sale free and clear of any interest of an entity that consents. The debtors contend that Buffalo Realty Corp. and the Worker's Compensation Board have impliedly

consented to a sale free and clear of liens, by reason of their failure to respond to the sales motion. A failure to oppose, however, differs fundamentally from an affirmation of acquiescence. This is not to say that silence can never indicate consent. For example, in a case where the affected interest was a license to use intellectual property, the Seventh Circuit ruled that circumstances warranted a conclusion that "lack of objection (provided of course there is notice) counts as consent." *FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 285 (2002). But the present instance involves a sale of real property, and real property is different. Buffalo Realty Corp. is a mortgagee of record, and the Worker's Compensation Board holds a duly recorded judgment. Both creditors took the necessary steps to perfect their liens. Having perfected their liens, both could understandably expect that their interests would survive any subsequent transfer of title. Under these circumstances, the more reasonable inference is that silence would here imply the absence of consent. Moreover, the debtor has presented no other special fact that would indicate creditor approval. Without proof of expressed consent, the debtors here fail to satisfy the requirements of 11 U.S.C. § 363(f)(2) for a sale free and clear of any interest in the property.

The language of 11 U.S.C. §363(f)(2) is unambiguous: unless justified under a different subdivision of section 363(f), a sale free and clear of an interest in property will require the consent of the interest holder. Here, neither Buffalo Realty Corp. nor the Worker's Compensation Board have expressed such consent. We recognize that courts have divided on the issue of whether silence constitutes an implied consent to a sale free and clear of interests. *In re Silver*, 338 B.R. 277 (Bankr. E.D. Va. 2004). However, in the view of this judge, the more reasoned analysis is that adopted in *In re Roberts*, 249 B.R. 152 (Bankr. W.D. Mich. 2000) and in *In re Decelis*, 349 B.R. 465 (Bankr. E.D. Va. 2006). *Accord, In re W.R.M.J. Johnson Fruit Farm, Inc.*, 107 B.R. 18, 19 (Bankr. W.D.N.Y. 1989). Consent and failure to object are not synonymous. *In re Roberts*, 249 B.R. at 155. As a

general rule applicable in the present instance, section 363(f)(2) requires a consent that is expressed and not merely implied.

The court takes no position at this time with regard to the other objections that the Office of the United States Trustee has raised in its statement of opposition. In particular, we make no ruling on whether the proposed sale would have satisfied the requirements that the Court of Appeals identified in its decision in *Committee of Unsecured Creditors v. The Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063 (2nd Cir. 1983). The debtors' motion to sell property free and clear of liens is denied, however, by reason of the absence of consent from creditors having an interest in the property. The further motion to declare that certain claims are wholly unsecured is denied as moot, in that such a determination will not obviate the need for those creditors to consent to the proposed sale.

So ordered.

Dated:   Buffalo, New York          /s/     CARL L. BUCKI
        April 30, 2015             Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.